1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

JOHN DOE, an individual,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY (DHS) et al.,

Defendants.

CASE NO. 2:24-cv-01712-TL

ORDER ON MOTION TO PROCEED
UNDER PSEUDONYM

17    This is an action seeking judicial review for arbitrary and capricious delay in the

18 adjudication of an I-589 Application for Asylum and Withholding of Removal ("I-589

19 application"). This matter is before the Court on Plaintiff John Doe's Motion for Leave to

20 Proceed under Pseudonym. Dkt. No. 2. Having reviewed the relevant record and governing law,

21 the Court DENIES the motion without prejudice.

22 //

23 //

24 //

ORDER ON MOTION TO PROCEED UNDER PSEUDONYM - 1

## I.    BACKGROUND

Plaintiff initiated this action seeking to compel the agency-defendant to adjudicate Plaintiff's pending asylum application. Dkt. No. 1. Defendants are officials of the United States Department of Homeland Security and Department of Justice; none has appeared before the Court or responded to the instant Motion. The record neither confirms nor suggests that service upon Defendants has been completed at this time. *See generally* Docket. However, the time for service has not yet expired. *See* Fed. R. Civ. P. 4(m).

Plaintiff is an adult native and citizen of Afghanistan who worked as a diplomat for the Afghanistan government prior to its collapse. Dkt. No. 1 ¶¶ 8, 17. Plaintiff and his family were living abroad according to his diplomatic post, when the United States initiated its withdrawal from Afghanistan in Summer 2021. *Id.* ¶ 17. On August 20, 2021, Plaintiff and his family were admitted to the United States. *Id.* The following month, Plaintiff applied for asylum, listing his wife and children as derivatives. *Id.* ¶ 19. In October 2022, Plaintiff appeared for his scheduled asylum interview, which was cut short when the telephone connection with an interpreter disconnected. *Id.* ¶ 20. Plaintiff was informed that his asylum interview would be rescheduled, but it remains unscheduled to this day. *Id.* Plaintiff fears that public disclosure of his identity and the sensitive information associated with his immigration status, asylum application, and former work for the Afghanistan government would subject him and his family to increased risk of persecution and other harm. Dkt. No. 2 at 2.

## II.    DISCUSSION

*Ex parte* motions are rarely justified, and both sides of a dispute should be afforded reasonable notice and the opportunity to be heard. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Ensuring that both

1 │ sides of a dispute are heard, before a court acts, promotes the accuracy, fairness, order, and

2 │ efficiency of the jurisprudential system. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192–

3 │ 93 (C.D. Cal. 1989). Heightened risk for abuse of *ex parte* proceedings and their threat to the

4 │ administration of justice further underscores the need for limiting premature court action that

5 │ may circumvent the principles of due process so enshrined in the Constitution. *See Mission*

6 │ *Power Eng'g*, 883 F. Supp. at 490–91. Further, "[a]nonymity must have a limited prejudicial

7 │ impact on the opposing party's ability to litigate the case, investigate the claims, and mount a

8 │ defense." *Al Otro Lado, Inc. v. Nielsen*, No. C17-2366, 2017 WL 6541446, at *6 (S.D. Cal. Dec.

9 │ 20, 2017). Because the Court must consider prejudice against Defendants when assessing the

10 │ interests of all parties with a stake in Plaintiff's proceeding under pseudonym (*i.e.*, Plaintiff,

11 │ Defendants, and the public), Defendants must be afforded the opportunity to weigh in.

12 │      In this case, Plaintiff brings his motion *ex parte*, as Defendants have not yet appeared. At

13 │ this stage of proceedings, the Court is unable to engage in full analysis and issue a final ruling on

14 │ the matter of Plaintiff's proceeding pseudonymously. In addition, Plaintiff fails to provide any

15 │ justification for requesting that the Court rule on the issue before Defendants have been given

16 │ notice and opportunity to be heard. For these reasons, the Court's intervention would be

17 │ premature and inappropriate.

18 │      Accordingly, Plaintiff's Motion for Leave to Proceed Under Pseudonym is DENIED

19 │ WITHOUT PREJUDICE. Once Defendant has been served, Plaintiff may file a renewed motion, if

20 │ appropriate. At this time, however, the Court will not disturb the status quo. Plaintiff may

21 │ proceed under pseudonym until the Court has had a chance to rule on the renewed motion, if any,

22 │ or as otherwise ordered by the Court.

23 │ //

24 │ //

ORDER ON MOTION TO PROCEED UNDER PSEUDONYM - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.    CONCLUSION

Accordingly, the Court ORDERS: Plaintiff's Motion for Leave to Proceed Under Pseudonym (Dkt. No. 2) is DENIED WITHOUT PREJUDICE.

Dated this 27th day of November 2024.

Tana Lin
United States District Judge